1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8

9  MATTHEW MONTAGUE,              )    1:06-cv-0396 OWW TAG
                                  )
10              Plaintiff,        )    SCHEDULING CONFERENCE ORDER
                                  )
11      v.                        )    Discovery Cut-Off:  4/16/07
                                  )
12  COUNTY OF KERN, KERN COUNTY   )    Non-Dispositive Motion
    SHERIFF'S DEPARTMENT; DEPUTY  )    Filing Deadline:  4/30/07
13  RICHARD GARRETT; AND DEPUTY J.)
    RUPE,                         )    Dispositive Motion Filing
14                                )    Deadline:  5/15/07
                Defendants.       )
15                                )    Settlement Conference Date:
    _____)    4/19/07 10:00 Bakersfield
16
                                       Pre-Trial Conference
17                                     Date:  7/30/07 11:00 Ctrm.
                                       3
18
                                       Trial Date:  8/28/07 9:00
19                                     Ctrm. 3 (JT-8 days)

20

21  I.   Date of Scheduling Conference.

22       August 16, 2006.

23  II.  Appearances Of Counsel.

24       Joseph H. Low, Esq., appeared on behalf of Plaintiff.

25       Jennifer L. Thurston, Esq., appeared on behalf of

26  Defendants.

27  III.  Summary of Pleadings.

28       1.   Plaintiff, Matthew Montague's constitutional rights

                              1

were violated on January 22, 2005, when an employee of Defendant
County of Kern, Deputy Richard Garrett, who was employed by the
Kern County sheriff's Department, attacked Plaintiff on the
street and proceeded to assault and batter Plaintiff forcefully
and without just cause, resulting in injury and damages to
Plaintiff.  Deputy J. Rupe, also an employee of Defendant County
of Kern, Deputy Richard Garrett, and employed by the Kern County
Sheriff's Department, who was also present, allowed this to occur
and did nothing to intervene.

    2.    On January 21, 2005, Plaintiff was visiting a friend,
Liz Anderson, at her home located at 3303 Sierra Highway, #58, in
Rosamond, California 93560.  Plaintiff arrived about 8:00 p.m. or
9:00 p.m. that evening.

    3.    Later that evening Ms. Anderson received a telephone
call from a 911 dispatcher/operator.  Ms. Anderson then advised
Plaintiff, Matthew Montague, that the 911 operator/dispatcher had
advised her that someone had called 911 to report domestic
violence.  the operator/dispatcher asked Ms. Anderson if it was
she, and Ms. Anderson advised the caller that it was not.

    4.    The operator advised Ms. Anderson that she could hear a
man's voice in the background.  Ms. Anderson advised the 911
dispatcher/operator that there was only one man in the room and
then handed the telephone to Plaintiff, Matthew Montague, who
then informed the operator/dispatcher that there was no problem
and that neither of them had called 911.  Plaintiff and Ms.
Anderson then went outside where Plaintiff saw a police car
approaching and went inside the house.  Ms. Anderson told the
officers "There is no problem here."

2

1    5.   Plaintiff decided to go home and was walking north on
2 Sierra Highway just north of Rosamond Boulevard, Rosamond, CA,
3 while talking on his cellular telephone to a friend to request a
4 ride home.

5    6.   At that point, a Kern County Sheriff's vehicle drove
6 past Plaintiff, Matthew Montague, and did a U turn to face
7 Plaintiff.  There were two officers in the Sheriff's vehicle,
8 Deputy Richard Garrett and Deputy J. Rupe.

9    7.   Deputy J. Rupe then said to Plaintiff, "Hey, come
10 here."  When Plaintiff heard this, he turned around, put his
11 hands in the air and said, "Yes, sir, what's the problem?"

12    8.   However, as Plaintiff faced the deputy who had spoken
13 to him, Kern County Sheriff Deputy Richard Garrett, rushed at
14 Plaintiff, spun him around, and tackled him, knocking him to the
15 ground.  While Plaintiff was on the ground, Deputy Garrett was on
16 top of Plaintiff, hitting him in the kidney area and stating,
17 "Stop resisting."  Plaintiff told Deputy Garrett "I'm not
18 resisting.  Just tell me what you want me to do."  At no time did
19 Plaintiff attempt to flee.

20    9.   Deputy Garrett then handcuffed Plaintiff, picked him up
21 by his shirt and slammed him over the squad car and searched him.
22 He was then placed into the back of the squad car and read his
23 Miranda rights.  At no time did Deputy Rupe, who was with Deputy
24 Garrett, intervene to assist Plaintiff or to interfere with the
25 unjustified brutality inflicted by Deputy Garrett upon Plaintiff.
26 Plaintiff sat in the back of the squad car for about thirty
27 minutes.  While he was seated there, he advised the deputies that
28 he was injured and requested medical care.  However, he did not

1   receive it.  Plaintiff informed the officers that he was an

2   insulin dependent diabetic and also informed both officers that

3   he though that his arm was broken.

4        10.  Deputy Garrett then took Plaintiff to the Rosamond

5   substation.  When Plaintiff asked Defendant, Deputy Garrett what

6   the charge was, Deputy Garrett told him "Resisting arrest."

7        11.  At the substation, the Deputies cleaned Plaintiff's

8   wounds and advised Plaintiff to go to the bathroom and clean the

9   rest of the blood off himself.

10        12.  Deputy Garrett than placed Plaintiff in an

11   interrogation room for approximately thirty minutes.  Plaintiff

12   again requested medical attention but did not receive it.

13        13.  Plaintiff thereafter was released with no charges filed

14   against him.  Kern County Sheriff J. Rupe then took Plaintiff to

15   the initial area on Sierra Highway where Plaintiff was attacked

16   and arrested by the officers.

17        14.  Deputy Richard Garrett and Deputy J. Rupe were

18   deliberately indifferent to Plaintiff Matthew Montague's serious

19   medical needs in violation of Plaintiff Matthew Montague's right

20   to due process of law as guaranteed by the Fourteenth Amendment.

21        15.  Officer J. Rupe, who was present during the

22   aforementioned unprovoked beating and use of excessive force

23   against Plaintiff by Office Richard Garrett, stood by and failed

24   to intervene and prevent or stop any of Officer Garrett's actions

25   against Plaintiff, thereby also violating Plaintiff's right to

26   due process of law by failing to prohibit or intervene in Officer

27   Richard Garrett's unprovoked beating and use of excessive force.

28   ///

4

__Defendant's Contentions__

1.   On January 25, 2005, the 911 emergency operator received a call from the home of Elizabeth Anderson in Rosamond, California.  Although the call was quickly disconnected, the operator heard statements made by the Plaintiff that indicated that acts of violence may be happening in the home.  When the operator called the home, she spoke to Elizabeth Anderson who denied that she placed the call.  The operator spoke also to Plaintiff who denied he had placed the earlier call and who gave a false name.  Still uncertain about what was happening in the home, the operator dispatched deputies to the home.

2.   when the deputies arrived at the home, Plaintiff left his car at the home and fled.  Elizabeth Anderson told deputies that she and Plaintiff had been drinking alcoholic beverages in the home and that she believed that Plaintiff fled due to being on probation or parole.  The Deputies gave chase.  The Deputies yelled numerous commands to Plaintiff to stop.  Nevertheless, Plaintiff can from the Deputies and scaled a fence in an apparent attempt to avoid apprehension.

3.   Eventually the Deputies caught Plaintiff and were required to place him in a control hold to prevent further flight.  In doing so, Plaintiff was placed on the gravel ground and suffered a cut to his arm.  At the substation, the Deputies provided first aid and Plaintiff refused the additional offer of medical aid.  Although Plaintiff told deputies that he ran because he believed that he had an outstanding arrest warrant, the deputies did not find record of an outstanding arrest warrant in the computer system.  However, in fact, by this date a Los

1    Angeles Superior Court had issued an outstanding arrest warrant
2    although it was not reflected on Kern's computer system.  As a
3    result, the deputies released Plaintiff without filing any
4    charges.

5    IV.   Orders Re Amendments To Pleadings.

6          1.    The parties do not anticipate filing any amendments to
7    the pleadings at this time.

8    V.    Factual Summary.

9          A.    Admitted Facts Which Are Deemed Proven Without Further
10   Proceedings.

11               1.    Plaintiff was detained on January 22, 2005, but
12   was released without charges being filed.

13               2.    On January 22, 2005, a call was placed to the 911
14   emergency operator from the home of Elizabeth Anderson.

15               3.    At the time of the emergency 911 call, Plaintiff
16   was present at the home with Elizabeth Anderson.

17               4.    On January 18, 2005, a criminal complaint was
18   filed against Plaintiff in Los Angeles County Superior Court for
19   impersonating a law enforcement officer and for using offensive
20   words in public.

21               5.    On January 18, 2005, the Los Angeles County
22   Superior Court issued an arrest warrant for Plaintiff.

23               6.    On July 5, 2005, Plaintiff was convicted of
24   impersonating a law enforcement officer.

25               7.    On March 6, 2001, Plaintiff was convicted of
26   making a false report to a law enforcement officer that a felony
27   had been committed.

28   ///

                                    6

1     B.   Contested Facts.

2          1.   Whether Plaintiff refused to comply with the

3     instructions given by deputies to stop fleeing on January 22,

4     2005.

5          2.   Whether Plaintiff fled from deputies.

6          3.   Whether Plaintiff made the 911 emergency call on

7     January 2, 2005.

8          4.   Whether deputies Garrett or Rupe used excessive

9     force on Plaintiff to detain him.

10          5.   Whether a reasonably well-trailed officer in

11     California would have used the force the individual Defendants

12     used to apprehend Plaintiff.

13          6.   Whether the County of Kern maintained or condoned

14     an unconstitutional policy or custom that caused the damages of

15     which Plaintiff complains.

16          7.   Whether Deputy Garrett was justified in using

17     force to apprehend Plaintiff.

18          8.   Whether Deputy Rupe was justified in using force

19     to apprehend Plaintiff.

20          9.   Whether Deputy Richard Garrett and Deputy J. Rupe

21     were deliberately indifferent to Plaintiff's medical needs in

22     violation of Plaintiff's right to due process of law as

23     guaranteed by the Fourteenth Amendment.

24          10.  Whether Plaintiff had a serious medical need.

25   VI.  Legal Issues.

26     A.   Uncontested.

27          1.   Jurisdiction exists under 28 U.S.C. § 1331, 42

28     U.S.C. § 1983.

7

1        2.   Venue is proper under 28 U.S.C. § 1391.

2        3.   The parties agree that for supplemental claims,

3   the substantive law of the State of California provides the rule

4   of decision.

5        B.   Contested.

6        1.   Whether unlawful force was used on Plaintiff.

7        2.   Whether the individual Defendant are entitled to

8   qualified immunity.

9        3.   Whether Plaintiff's Fourth or Fourteenth Amendment

10  rights were violated by Defendants.

11       4.   Whether the County of Kern has an unconstitutional

12  custom or policy that caused Plaintiff's alleged damages.

13       5.   Whether the individual Defendants were justified

14  in using force during Plaintiff's arrest.

15  VII. Consent to Magistrate Judge Jurisdiction.

16       1.   The parties have not consented to transfer the

17  case to the Magistrate Judge for all purposes, including trial.

18  VIII.      Corporate Identification Statement.

19       1.   Any nongovernmental corporate party to any action in

20  this court shall file a statement identifying all its parent

21  corporations and listing any entity that owns 10% or more of the

22  party's equity securities.  A party shall file the statement with

23  its initial pleading filed in this court and shall supplement the

24  statement within a reasonable time of any change in the

25  information.

26  IX.  Discovery Plan and Cut-Off Date.

27       1.   The parties are ordered to complete all discovery on

28  or before April 16, 2007.

8

1    2.    The parties are directed to disclose all expert

2  witnesses, in writing, on or before February 15, 2007.  Any

3  supplemental expert disclosures will be made on or before March

4  15, 2007.  The parties will comply with the provisions of Federal

5  Rule of Civil Procedure 26(a)(2) regarding their expert

6  designations.  Local Rule 16-240(a) notwithstanding, the written

7  designation of experts shall be made pursuant to F. R. Civ. P.

8  Rule 26(a)(2), (A) and (B) and shall include all information

9  required thereunder.  Failure to designate experts in compliance

10  with this order may result in the Court excluding the testimony

11  or other evidence offered through such experts that are not

12  disclosed pursuant to this order.

13    3.    The provisions of F. R. Civ. P. 26(b)(4) shall

14  apply to all discovery relating to experts and their opinions.

15  Experts may be fully prepared to be examined on all subjects and

16  opinions included in the designation.  Failure to comply will

17  result in the imposition of sanctions.

18  X.    Pre-Trial Motion Schedule.

19    1.    All Non-Dispositive Pre-Trial Motions, including any

20  discovery motions, will be filed on or before April 30, 2007, and

21  heard on June 1, 2007, at 9:00 a.m. before Magistrate Judge

22  Teresa A. Goldner in Bakersfield, California.

23    2.    In scheduling such motions, the Magistrate

24  Judge may grant applications for an order shortening time

25  pursuant to Local Rule 142(d).  However, if counsel does not

26  obtain an order shortening time, the notice of motion must comply

27  with Local Rule 251.

28    3.    All Dispositive Pre-Trial Motions are to be

1 filed no later than May 15, 2007, and will be heard on June 18,

2 2007, at 10:00 a.m. before the Honorable Oliver W. Wanger, United

3 States District Judge, in Courtroom 3, 7th Floor.  In scheduling

4 such motions, counsel shall comply with Local Rule 230.

5 XI.   Pre-Trial Conference Date.

6      1.   July 30, 2007, at 11:00 a.m. in Courtroom 3, 7th Floor,

7 before the Honorable Oliver W. Wanger, United States District

8 Judge.

9      2.   The parties are ordered to file a Joint Pre-

10 Trial Statement pursuant to Local Rule 281(a)(2).

11      3.   Counsel's attention is directed to Rules 281

12 and 282 of the Local Rules of Practice for the Eastern District

13 of California, as to the obligations of counsel in preparing for

14 the pre-trial conference.  The Court will insist upon strict

15 compliance with those rules.

16 XII. Trial Date.

17      1.   August 28, 2007, at the hour of 9:00 a.m. in Courtroom

18 3, 7th Floor, before the Honorable Oliver W. Wanger, United

19 States District Judge.

20      2.   This is a jury trial.

21      3.   Counsels' Estimate Of Trial Time:

22           a.   8 days.

23      4.   Counsels' attention is directed to Local Rules

24 of Practice for the Eastern District of California, Rule 285.

25 XIII.     Settlement Conference.

26      1.   A Settlement Conference is scheduled for April 19,

27 2007, at 10:00 a.m. in Bakersfield, California, before the

28 Honorable Teresa A. Goldner, United States Magistrate Judge.

2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

5.   The Confidential Settlement Conference Statement shall include the following:

1              a.    A brief statement of the facts of the

2    case.

3              b.    A brief statement of the claims and

4    defenses, i.e., statutory or other grounds upon which the claims

5    are founded; a forthright evaluation of the parties' likelihood

6    of prevailing on the claims and defenses; and a description of

7    the major issues in dispute.

8              c.    A summary of the proceedings to date.

9              d.    An estimate of the cost and time to be

10   expended for further discovery, pre-trial and trial.

11             e.    The relief sought.

12             f.    The parties' position on settlement,

13   including present demands and offers and a history of past

14   settlement discussions, offers and demands.

15   XIV. Request For Bifurcation, Appointment Of Special Master,

16   Or Other Techniques To Shorten Trial.

17        1.    The parties agree that the trial should be phased.  The

18   first phase shall address liability issues including the nature

19   and extent of injuries resulting from any alleged violation of

20   civil rights.  The second phase before the same jury shall

21   consider the *Monell* issue.  The third phase shall consider the

22   amount, if any, of punitive damages.

23   XV.  Related Matters Pending.

24        1.    There are no related matters.

25   XVI. Compliance With Federal Procedure.

26        1.    The Court requires compliance with the Federal

27   Rules of Civil Procedure and the Local Rules of Practice for the

28   Eastern District of California.  To aid the court in the

                               12

efficient administration of this case, all counsel are directed
to familiarize themselves with the Federal Rules of Civil
Procedure and the Local Rules of Practice of the Eastern District
of California, and keep abreast of any amendments thereto.

XVII.     Effect Of This Order.

1.     The foregoing order represents the best
estimate of the court and counsel as to the agenda most suitable
to bring this case to resolution.  The trial date reserved is
specifically reserved for this case.  If the parties determine at
any time that the schedule outlined in this order cannot be met,
counsel are ordered to notify the court immediately of that fact
so that adjustments may be made, either by stipulation or by
subsequent scheduling conference.

2.     Stipulations extending the deadlines contained
herein will not be considered unless they are accompanied by
affidavits or declarations, and where appropriate attached
exhibits, which establish good cause for granting the relief
requested.

3.     Failure to comply with this order may result in
the imposition of sanctions.

IT IS SO ORDERED.

Dated:   August 17, 2006              _____/s/ Oliver W. Wanger_____
emm0d6                                   UNITED STATES DISTRICT JUDGE

13