1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT FOR THE

7                   EASTERN DISTRICT OF CALIFORNIA

8

9  MATTHEW MONTAGUE,              )      No. CV-F-06-396 OWW/TAG
                                  )
10                                )      MEMORANDUM DECISION GRANTING
                                  )      IN PART AND DENYING IN PART
11                 Plaintiff,     )      DEFENDANTS' MOTION FOR
                                  )      SUMMARY JUDGMENT (Doc. 8)
12            vs.                 )
                                  )
13                                )
   COUNTY OF KERN, et al.,        )
14                                )
                                  )
15                 Defendant.     )
                                  )
16  _____)

17       Before the court is the motion for summary judgment filed by

18  Defendants County of Kern, Kern County Sheriff's Department,

19  Deputy Richard Garrett and Deputy James Rupe.  Oral argument on

20  this motion was heard on September 21, 2007.

21       At the hearing on September 21, 2007, Plaintiff conceded

22  summary judgment for Defendants on the Eighth Cause of Action and

23  for the Kern County Sheriff's Department.  The Court granted

24  summary judgment for the County of Kern on the Second Cause of

25  Action on the ground that Plaintiff had not submitted evidence

26  from which liability could be imposed on the County of Kern under

                                  1

1  42 U.S.C. § 1983 pursuant to *Monell v. New York City Dept. of*

2  *Social Services*, 436 U.S. 658 (1978), and its progeny.  The Court

3  intends its oral ruling as articulated at the September 21, 2007

4  hearing to be its statement of decision in granting summary

5  judgment for Defendant County of Kern on all claims alleged

6  against it.

7      Following the hearing on the motion for summary judgment,

8  the parties entered into the following stipulation set forth in

9  the Pretrial Order:

10          1.  The parties have stipulated that Deputy
           J. Rube shall be DISMISSED from this action
11         with prejudice upon terms and conditions
           agreed to by the parties that are known to
12         them.

13  This stipulation moots issues raised in the motion for summary

14  judgment concerning Defendant Rupe.  The motion for summary

15  judgment is GRANTED with respect to Defendant Rupe on the ground

16  that he has subsequently been dismissed from this litigation.

17      The Pretrial Order also sets forth the following

18  stipulation:

19          2.  The parties agree that the failure to
           provide medical care claim under the Fourth,
20         Fifth or Eighth Amendments will not be
           pursued, however, evidence of the Plaintiff's
21         treatment at the sheriff's [sic] sub-station
           both pre- and post-detention and/or arrest
22         shall be admitted for relevant purpose.

23  Pursuant to this stipulation, summary judgment for Defendant

24  Garrett is GRANTED with respect to these claims.

25      Plaintiff alleges that he was detained by Defendant Garrett

26  without reasonable suspicion, arrested by Defendant Garrett

without probable cause, and was subjected to excessive force during that arrest, all in violation of the Fourth Amendment to the United States Constitution, and state law theories of relief for negligence, battery, assault, and false arrest/false imprisonment.

Defendant Garrett moves for summary judgment in his favor on each of these claims and for summary judgment that he is entitled to qualified immunity from liability under Section 1983.

I.   <u>Governing Standards</u>.

Summary judgment is proper when it is shown that there exists "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56.  A fact is "material" if it is relevant to an element of a claim or a defense, the existence of which may affect the outcome of the suit.  *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987).  Materiality is determined by the substantive law governing a claim or a defense.  *Id.*  The evidence and all inferences drawn from it must be construed in the light most favorable to the nonmoving party.  *Id.*

The initial burden in a motion for summary judgment is on the moving party.  The moving party satisfies this initial burden by identifying the parts of the materials on file it believes demonstrate an "absence of evidence to support the non-moving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The burden then shifts to the nonmoving party to defeat

3

summary judgment.  *T.W. Elec.*, 809 F.2d at 630.  The nonmoving party "may not rely on the mere allegations in the pleadings in order to preclude summary judgment," but must set forth by affidavit or other appropriate evidence "specific facts showing there is a genuine issue for trial."  *Id.*  The nonmoving party may not simply state that it will discredit the moving party's evidence at trial; it must produce at least some "significant probative evidence tending to support the complaint."  *Id.*  A plaintiff's verified complaint may be considered as an affidavit in opposition to summary judgment if it is based on personal knowledge and sets forth specific facts admissible in evidence. *Lopez v. Smith*, 203 F.3d 1122, 1132 n.14 (9th Cir.2000).  As explained in *Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1031 (9th Cir. 2001):

> [T]he district court may determine whether there is a genuine issue of material fact, on summary judgment, based on the papers submitted on the motion and such other papers as may be on file and specifically referred to and facts therein set forth in the motion papers.  Though the court has discretion in appropriate circumstances to consider other materials, it need not do so.  The district court need not examine the entire file for evidence establishing a genuine issue of material fact, where the evidence is not set forth in the opposing papers with adequate references to that it could conveniently be found.

The question to be resolved is not whether the "evidence unmistakably favors one side or the other, but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented."  *United States ex rel. Anderson v. N.*

4

*Telecom, Inc.*, 52 F.3d 810, 815 (9th Cir.1995).  This requires more than the "mere existence of a scintilla of evidence in support of the plaintiff's position"; there must be "evidence on which the jury could reasonably find for the plaintiff."  *Id.* The more implausible the claim or defense asserted by the nonmoving party, the more persuasive its evidence must be to avoid summary judgment."  *Id.*

II.  <u>GENUINE ISSUES OF MATERIAL FACT PRECLUDE SUMMARY JUDGMENT</u>.

As set forth in the evidentiary record filed in connection with the motion for summary judgment, material facts underlying Plaintiff's detention and arrest, including the use of force, are highly disputed, including by an independent third party witness, precluding summary judgment for Defendant Garrett.

Based on these disputed facts, Defendant Garrett is not entitled to summary judgment on the issue of qualified immunity from liability under Section 1983 on the issue of the reasonableness of his conduct under the totality of the circumstances.  *See Wilkins v. City of Oakland*, 350 F.3d 949, 956 (9th Cir.2003), *cert. denied sub nom. Scarrot v. Wilkins*, 543 U.S. 811 (2004).

<u>CONCLUSION</u>

For the reasons stated above and at the September 21, 2007 hearing:

1.  Defendants' motion for summary judgment is GRANTED with respect to Defendants County of Kern, Kern County Sheriff's

Department, and Deputy James Rupe;

    2.  Defendants' motion for summary judgment is DENIED with respect to Defendant Deputy Richard Garrett.

    IT IS SO ORDERED.

Dated:    **September 28, 2007**              **/s/ Oliver W. Wanger**
                                            UNITED STATES DISTRICT JUDGE