IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MATTHEW MONTAGUE, | ) | No. CV-F-06-396 OWW/TAG |
| | ) | |
| | ) | ORDER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| COUNTY OF KERN, et al., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

On October 11, 2007, an Order to Show Cause was issued to the parties why they should not be assessed fees and expenses of summoning, for appearance on October 9, 2007, a jury panel for the trial of this action.

Counsel for Defendants filed a Declaration in response to the OSC. No written response was filed on behalf of Plaintiff. The OSC was heard on November 26, 2007. At the November 26, 2007 hearing, the Court orally ordered that three-quarters of the jury fees and expenses be paid by Mr. Low, counsel for Plaintiff, and one-quarter by the County for their failure to timely notify the

**Court it was not necessary for a jury to be summoned by virtue of a settlement reached by the parties before trial.  The Memorandum Decision and Order filed on November 29, 2007 ruled: "Plaintiff is ordered to pay three-quarters of those fees" and that "Plaintiff's check shall be in the amount of $2,996.95."**

**By Order filed on March 12, 2008, Plaintiff was ordered to show cause on April 21, 2008, why he has not paid the jury reimbursement fees in the amount of $2,996.95, as ordered by the Court on November 29, 2007.**

**Mr. Low appeared telephonically at the April 21, 2008 hearing.  Plaintiff did not appear personally or telephonically. Mr. Low advised that he had left several telephone messages for Plaintiff advising him of the OSC set for April 21 and had sent him a letter notifying of the date and time of the OSC.  At the April 21, 2008 hearing the Court advised Mr. Low that the Court viewed the obligation to pay the Plaintiff's portion of the jury fees as a joint and several obligation between Plaintiff and his attorney.  Mr. Low expressed surprise that he was considered responsible for the Court-ordered obligation and stated that he would have filed a responsive pleading had he known.  Mr. Low was granted until May 21, 2008 to file his responsive pleading.  Mr. Low requested the Court to provide him with authority that Mr. Low is obligated to pay the jury fees.**

**Rule 16-272(b), Local Rules of Practice, provides:**

> **If for any reason attributable to counsel or parties, including settlement, the Court is unable to commence a jury trial as scheduled**

> when a panel of prospective jurors has reported for voir dire, the Court may assess against counsel or parties responsible all or part of the cost of the panel.

Rule 11-110, Local Rules of Practice, provides: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  As explained in *Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir.1989):

> [W]e think it inappropriate for the court system to claim 'compensation' for being 'ill-used,' The court system is not a private party that needs to be reimbursed for its inconvenience.  Consequently, absent grossly negligent, reckless, or willful conduct, monetary penalties such as jury costs or judicial sanctions cannot be fairly levied against counsel for a violation of the local rules.

Here, Plaintiff's counsel failure to timely communicate with Defendants' counsel resulted in the wholly unjustified failure of Plaintiff's counsel to respond to Defendants' counsel's offer and to notify the court after he was advised by the Court that a jury had been summoned and the case was confirmed for jury trial in open court after the motions in limine were heard and decided. Mr. Low's conduct was negligent, reckless, and in total disregard of his duty as an officer of the Court not to cause the inconvenience and public expense of summoning a jury.

IT IS SO ORDERED.

Dated:   **May 7, 2008**              /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE